NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTONIO S. GONZALEZ : | Hon. Dennis M. Cavanaugh |
| Petitioner, : | **OPINION** |
| v. : | Civil Action No.: 2:11-cv-3714 (DMC)(JAD) |
| UNITED STATES OF AMERICA. : |  |
| Respondent. : |  |

DENNIS M. CAVANAUGH, U.S.D.J.

     This matter comes before the Court by way of Respondent's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Based on the reasons that follow, Defendant's's motion is **granted**.

I.    **BACKGROUND**[1]

     Petitioner Antonio S. Gonzalez ("Petitioner") is a citizen of the United States and resident of Miami, Florida. According to the Internal Revenue Service ("IRS"), Petitioner has failed to file federal income tax returns or pay any federal income taxes for years 2006 through 2010. Petitioner is currently under a criminal investigation to determine whether he committed any offense in violation of the internal revenue laws.

---

[1]These facts have been adopted from the Parties' respective submissions.

On June 8, 2011, IRS Criminal Investigation Division Special Agent Brett Morrow ("Agent Morrow") issued a summons to Experian[2], a credit reporting business with a branch office in Parsippany, New Jersey.  The summons was issued pursuant to 26 U.S.C. § 7602(a) and sought the production of records related to Petitioner's financial transactions, including his credit history, dated from January 1, 2005 to present.  On the same day, Agent Morrow served Petitioner with notice of the summons.

Petitioner now moves to quash the summons as invalid for failure to comply with the criteria established under Powell v. United States, 379 U.S. 48 (1964).  Specifically, Petitioner argues that the summons was issued for the invalid purpose of utilizing a civil audit in furtherance of a criminal investigation.   Petitioner also argues that it would be an abuse of the court's process to enforce a summons that was influenced by, and carried out for, the purpose of amassing evidence in the prosecution of a crime.  Finally, Petitioner argues that if the pending investigation is not in fact criminal, that the summons should be quashed for failure to comply with the notice requirements 26 U.S.C. § 7602(c).

Petitioner alleges that the summons challenged here was issued following the indictment of Berta Sanders, the former Certified Public Accountant ("CPA") to both Petitioner and his business entities.  On October 26, 2010, Ms. Sanders entered a written plea of guilty, pursuant to which she agreed to cooperate fully with the United States.  Amongst the conditions of her cooperation was that she "provid[e] truthful and complete information and testimony, and produc[e] documents, records,

---

[2] The summons at issue here is one of five summonses issued pursuant to Agent Morrow's investigation.  The testimony and documents sought are alleged to be necessary in order to determine the correct financial income liabilities of Petitioner.

and other evidence." In light of Ms. Sanders' agreement, Petitioner concludes that the IRS investigation into his tax liability was the result of her cooperation with the Justice Department.

On July 1, 2011, Petitioner filed an First Amended Petition to Quash the IRS Third-Party Summons directed to Experian.[3] On September 9, 2011, the United States as Respondent moved to dismiss this case for failure to state a claim upon which relief can be granted. For the reasons hereinafter discussed, Respondent's motion to dismiss is **granted**.

## II.     LEGAL STANDARD

### A.   Fed.R.Civ.P. 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. See Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir.2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir.1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir.2000) (internal quotation marks omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Victaulic Co. v. Tieman, 499 F.3d 227, 23 (3d Cir.2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

---

[3]Petitioner filed his first Motion to Quash on June 28, 2011.

While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. Twombly, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiffs claim. Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir.2008) (internal quotation marks omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co., 113 F.3d 405, 417 (3d Cir.1997), or allegations that are "self-evidently false," Nami v. Fauver, 82 F.3d 63, 69 (3d Cir.1996).

B. Motion to Quash Summons Issued Pursuant to 26 U.S.C. § 7602

The authority of the IRS to issue summonses to investigate violations of the tax code is governed by 26 U.S.C. § 7602. To be enforceable, the issuance of a summons must pass a four-step prima facie showing. The government must demonstrate: (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Code have been followed. Powell, 379 U.S. at 57-58.

Conversely, to succeed in a motion to quash a summons issued pursuant to § 7602(a), a defendant must effectively challenge the summons by "disprov[ing] one of the four elements of the government's Powell showing, or otherwise demonstrate[] that enforcement of the summons will result in an abuse of the court's process." United States v. Rockwell Int'l, 897 F.2d 1255, 1262 (1990).

The government is not required to move to enforce the summons and may rather move to dismiss the petition to quash and rely on third party compliance with the summons. Johnson v. United States, 2005 U.S. Dist. LEXIS 40162, *3 (3d Cir. 2005) (citing Knauss v. United States, 28 F.Supp. 2d 1252, 1254 (S.D.Fla. 1998)).

Jurisdiction over a petition to quash the summons is conferred upon the district court for the district in which the summonsed party resides or is found.  26 U.S.C. § 7609(h).[4]

## III.  DISCUSSION

### A. IRS Summons Power Under 26 U.S.C. § 7602

26 U.S.C. § 7602(a) authorizes the issuance of summons by the Secretary of the Treasury "for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any

---

[4]Experian has a branch office located in Parsippany, New Jersey.  A branch office located within the district has been found by numerous district courts to be sufficient for the summonsed party to be found within that district. See Pilchesky v. United States,, No. 3:08-MC-0103, 2008 U.S. Dist. LEXIS 75170, *5-6 (M.D. Pa. Sept. 29, 2008); (citing Hopkins v. IRS, Vic. No. 07-262, 2008 U.S. Dist. LEXIS 45510, *10 (D.N.M. March, 28, 2008); Cayman Nat'l Bank, Ltd. v. United States, No. 8:06-mc-50-T-24 MAP, 2007 U.S. Dist. LEXIS 13005, *9 (M.D.Fla. Feb. 26, 2008); Williams v. United States, No. 1:05-mc-6, 2005 U.S. Dist. LEXIS 25673 (E.D. Tenn. July 29, 2005); Oldham v. United States, Civil No. 01-1410-HA, 2002 U.S. Dist. LEXIS 9346, *5 (D. Or. March 21, 2002)).

such liability." The purpose for which the summons may be issued includes "the purpose of inquiring into *any* offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b). (emphasis added). Such purpose has expressly been found to include criminal as well as civil tax investigations. Moutevelis v. United States, 727 F.2d 313, 315 (3d Cir. 1984); see also Pickel v. United States, 746 F.2d 176, 183 (3d Cir. 1984).

In 1982, 26 U.S.C. § 7602 was amended pursuant to the Tax Equity and Fiscal Responsibility Act (TEFRA). Publ L. No. 97-248, 96 Stat. 324 (1982). Prior to the amendments the Supreme Court held that the legitimate purposes for which the IRS could exercise its summons power under § 7602 did not include the issuance of summonses solely for the purpose of a criminal investigation. United States v. LaSalle Nat'l Bank, 437 U.S. 298, 314 (1978). Justice Stewart writing in dissent, and joined by two others, found no such limitation, and concluded that the only limitations to the IRS's summons power were that it be issued in good faith and prior to a recommendation for criminal prosecution. Id. at 320 (Stewart, J., dissenting). Justice Stewart went on to express his concern that the standard articulated by the majority would prove "unjustified, unworkable, and unwise." Id. at 321.

Congress passed TEFRA in 1982, following the Supreme Court decision in LaSalle. The amendments altered the language of § 7602 to provide the IRS with the authority to issue summons "for the purpose of inquiring into *any* offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b) (emphasis added). The Third Circuit has interpreted the amendments as a codification of the LaSalle dissent, eliminating from consideration whether the IRS was motivated by a criminal investigative purpose, and rather adopting a bright line test of whether a Justice Department referral has been issued. See Moutevelis v. United States, 727 F.2d

6

at 315; see also Pickel, 746 F.2d at 183.  The Amendments were understood not as an expansion of the Justice Department's right to criminal discovery or an infringement on the role of the grand jury as a principal tool of criminal accusation, see United States v. Stuart, 489 U.S. 353, 363 (1989) (citing The Report of the Senate Finance Committee, S.Rep. No. 97-494, Vol. 1, p. 286 (1982), U.S. Code Cong. & Admin.News 1982, pp. 781, 1032), but rather as a workable delineation of the extent to which the IRS may exercise its summons power. Pickel, 746 F.2d at 184.

Following the TEFRA Amendments, the Third Circuit has expressly held that the valid purposes for which the IRS may issue a summons under § 7602 include the pursuit of criminal tax investigations, provided no Justice Department referral has been issued. Moutevelis, 727 F.2d at 315; see also Pickel, 746 F.2d at 183.

### B.  Petitioner Has Not Met His Burden Of Proof

A party opposing a summons bears the heavy burden of demonstrating either (1) "the summonses were not issued for a congressionally authorized purpose under § 7602, i.e. were not issued as part of a legitimate investigation into a violation of the tax laws, but were instead issued to gather evidence for another agency or to harass or pressure taxpayers in connection with another matter", or (2) "a Justice Department referral had taken place." Pickel, 746 F.2d at 185; see also LaSalle, 437 U.S. at 316, United States v. Garden State Nat'l Bank, 607 F.2d 61, 69 (3d Cir. 1979). The challenger's burden has been characterized as heavy and "almost insurmountable." Garden State Nat'l Bank, 607 F.2d at 69.

#### 1. Petitioner Has Not Alleged An Invalid Purpose

Petitioner's sole contention that the summons was issued for an invalid purpose is that it was issued pursuant to a criminal, rather than a civil, tax investigation. Following the Amendments of

7

1982, the plain language of § 7602(b) provides that the IRS may issue a summons "for the purpose of inquiring into *any* offense connected with the administration or enforcement of the internal revenue laws." (emphasis added). The history of the TEFRA Amendments to § 7602 and subsequent Third Circuit jurisprudence make clear that the issuance of a summons for a criminal rather than a civil purpose is not categorically invalid. See Moutevelis, 727 F.2d at 315. Petitioner has therefore failed to satisfy his burden of proving an invalid purpose.

### 2. Petitioner Has Not Demonstrated that a Justice Department Referral is in Place

A "Justice Department Referral" is in effect when (i) "the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or (ii) any request is made under section 6103(h)(3)(B) [] for the disclosure of any return or return information (within the meaning of section 6103(B)[]) relating to such person." Section 6103(b) refers to when "the Secretary receives a written request from the Attorney General, the Deputy Attorney General, or an Assistant Attorney General for a return of, or return information relating to, a person named in such request and setting forth the need for the disclosure." 26 U.S.C. § 6103(h)(3)(B).

Agent Morrow has specifically provided in his sworn declaration that no such Justice Department referral is currently in effect with respect to Petitioner. (Morrow Decl. Aug. 17, 2011, ECF No. 6-4). Petitioner provides no specific facts to refute this assertion, beyond setting forth an assumption regarding the origin of the investigation. An inference regarding the source of information that led to an investigation is a far cry from a demonstration that a high level official has

8

made a recommendation or written request with respect to that taxpayer.  Petitioner has therefore failed to carry his burden of establishing that a Justice Department referral is plausibly in place.

### C.  It Would Not Be An Abuse Of This Court's Process To Enforce The Summons

The heavy burden of establishing abuse of the Court's process is borne by the taxpayer challenging the summons.  LaSalle, 437 U.S. at 316; see also United States v. Genser, 595 F.2d 146, 151 (3d. Cir.). In order to prove an abuse of the court's process in enforcing a summons, petitioner must demonstrate that "the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. Powell, 379 U.S. at 58.  Bad faith may be demonstrated if it can be shown that the IRS issued the summons after making a decision to refer the matter for prosecution to the Department of Justice. Pickel, 746 F.2d at 183-84.  Petitioner must provide more than bald assertions of bad faith in order to carry his heavy burden. United States v. Leveto, 540 F.3d 200, 212 (3d Cir. 2008).

Petitioner alleges that the summons was not issued in good faith because it was issued to collect criminal evidence.  As previously discussed, the collection of criminal evidence is not in and of itself an invalid purpose when no Justice Department referral is in place.  Therefore, Plaintiff cannot maintain its claim of bad faith solely on the existence of a criminal investigation.  Plaintiff has not provided any further assertions of bad faith, such as misrepresentation on the part of the IRS regarding the nature of the investigation.  See United States v. Tweel, 550 F.2d 297 (5th Cir. 1977) (finding bad faith when a criminal investigation was conducted under the guise of a civil audit).  To the contrary, it is undisputed that the investigation being conducted of Petitioner is in fact criminal and has continuously been represented to Petitioner as such.  Therefore, Petitioner has failed to carry

9

his heavy burden of demonstrating that it would be an abuse of this Court's process to enforce the summons.

### D. Petitioner Is Not Entitled To An Evidentiary Hearing

Petitioner alleges that there is an issue of material fact regarding the existence of a Justice Department referral with respect to Petitioner. He maintains that he has carried his initial burden of demonstrating that his allegations are not frivolous, and that limited discovery into the matter is therefore appropriate.

The decision of whether to conduct an evidentiary hearing on the question of enforcement is within the discretion of the district court. Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 324 n. 7 (1985); see also Donaldson v. United States, 400 U.S. 517, 527 (1971) (holding that the burden of showing an abuse of the court's process is on the taxpayer challenging the summons). Moreover, summons enforcement proceedings are intended to be summary in nature and any party challenging the summons will face an "uphill battle" in succeeding on a request for an evidentiary hearing. See United States v. Kis, 658 F.2d 526, 543 (7th Cir. 1981)(disapproved on other grounds).

The district court is not required to permit discovery for the establishment of a fact which is now irrelevant under § 7602. See Moutevelis, 727 F.2d at 315. (denying a request for discovery when only challenge made to summons was that it was issued for a criminal rather than a civil purpose.) As previously discussed, the TEFRA amendments removed from consideration whether the IRS was motivated by a criminal investigative purpose in the issuance of the summons. As the only challenge made to the summons was that it was issued for a criminal purpose, an evidentiary hearing is not warranted under the circumstances.

10

E.  Petitioner Was Not Entitled To Advanced Notice Under 26 U.S.C. § 7602©

26 U.S.C. 7602(c)(3) provides that the notice requirements of Section 7602(c) do not apply to criminal investigations. As it has already been established that the summons at issue here was issued pursuant to the valid purpose of pursuing a criminal investigation, this court finds that no advance notice was required. We therefore reject Petitioner's argument that the summons is unenforceable for failure to provide notice.

**IV.   CONCLUSION**

For the reasons stated herein, Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) is **granted.** An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   October  24  , 2011
cc:     Counsel of Record
        Hon. Joseph A. Dickson, U.S.M.J.

11